# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| ALBERT C. BURGESS, JR., | Case No. 23-CV-3773 (NEB/JFD) |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| WARDEN, Rochester FMC | |
| Respondent. | |

Petitioner Albert C. Burgess, Jr., a federal prisoner, has filed a petition for a writ of habeas corpus alleging that prison officials have been deliberately indifferent to his medical needs. The petition is before the Court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] As a result of that review, this Court recommends that the petition be denied.

In his short habeas petition, Mr. Burgess alleges that prison officials have failed to treat several of his ongoing medical problems. The lone substantive relief sought from Mr. Burgess is to be released from confinement. *See* Petition at 2 (Dkt. No. 1).

Courts within the Eighth Circuit have long separated pleadings filed by prisoners into two categories. Prisoners sometimes challenge the conditions of their confinement—for example, they allege that they have been subjected to excessive force, or have been denied the opportunity to practice their religion, or (as in this case) have been denied

---

[1] The petition is not brought under 28 U.S.C. § 2254, but the Rules Governing Section 2254 Cases may be applied to any habeas petition. *See* Rule 1(b).

1

medical care. These claims do not challenge the legality of the confinement itself, but rather the manner in which the confinement is being carried out. The remedy available for these claims may be monetary or an injunction ordering that the unlawful conditions be put to an end, *see, e.g.*, *Carter v. Bickhaus*, 142 F. App'x 937, 938 (8th Cir. 2005) (per curiam), and that remedy must be sought in traditional civil litigation under 42 U.S.C. § 1983; *Bivens*;[2] the Federal Tort Claims Act, 28 U.S.C. § 1346(b); or the like.

    Other times, prisoners attack the legality of their detention as a whole—for example, they might allege that their conviction or sentence is unlawful, or that their release date has been calculated incorrectly. In these cases, the appropriate remedy is release from prison, either immediately (if the imprisonment is entirely unlawful) or on the date calculated by the Court. These claims attacking the fact or duration of confinement are appropriately the subject of habeas litigation. But "[i]f the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy." *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam).

    Mr. Burgess plainly is seeking habeas *relief*; he wants to get out of prison. But Mr. Burgess has not presented a habeas *claim*. There is no reason from the habeas petition to believe that Mr. Burgess should not be in prison or that the Federal Bureau of Prisons intends to maintain custody of Mr. Burgess for any longer than is required by his sentence. The appropriate remedy for Mr. Burgess, should he succeed on his claims, therefore lies

---

[2] *See Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971).

outside of habeas. *See Taylor v. Roal*, No. 10-CV-3588 (PJS/JJG), 2010 WL 4628634, at *4 (D. Minn. Nov. 5, 2010) (citing *Glaus v. Anderson*, 408 F.3d 382 (7th Cir. 2005)).

It is not unusual for prisoners to file a habeas petition when they should have filed a civil complaint (or vice versa), and in appropriate cases, the Court may reinterpret the pleading into the appropriate procedural vehicle. *See Spencer v. Haynes*, 774 F.3d 467, 471 (8th Cir. 2014). Such a reinterpretation of Mr. Haynes's habeas petition, however, would be inappropriate. Had Mr. Haynes filed the same document but labeled it as a complaint rather than as a habeas petition, it would suffer from precisely the opposite problem: Mr. Burgess would have presented an appropriate claim, but he would not have sought appropriate relief. The claim also would not have been brought against the appropriate defendant, as a federal prisoner seeking relief for violations of constitutional rights under *Bivens* must establish that the defendant himself or herself violated the law. *See, e.g.*, *Jomo v. Kallis*, No. 21-CV-2266 (KMM/TNL), 2022 WL 5119127, at *2 (D. Minn. Apr. 25, 2022). Mr. Burgess does not allege that the lone defendant in this action, the warden of the prison where he is now detained, has himself done anything wrong.

Reinterpretation of the pleading would also come with costs to Mr. Burgess. For one thing, Mr. Burgess would be responsible for the $350.00 filing fee for the civil action, regardless of whether he qualifies financially for *in forma pauperis* status. *See* 28 U.S.C. § 1915(b). (By contrast, the filing fee for habeas proceedings is only $5.00, which Mr. Burgess has paid.) For another thing, dismissal of a civil action for failure to state a claim on which relief may be granted—and, as currently pleaded, that would be the result were

3

the habeas petition to be interpreted as a complaint—would result in a "strike" being assessed against Mr. Burgess under 28 U.S.C. § 1915(g).

None of this is to say that Mr. Burgess *cannot* plead an actionable claim for relief against an appropriate defendant under *Bivens*—and nothing is stopping him from attempting to do so in a separate proceeding, initiated with a complaint naming an appropriate counterparty and filed with the knowledge that the filing fee will be owed and that a strike may be incurred.[3] But Mr. Burgess has not presented the Court with a cognizable habeas claim, and so his habeas petition should be denied.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** the petition for a writ of habeas corpus of petitioner Albert C. Burgess, Jr. (Dkt. No. 1) be **DENIED**.

Dated: December 19, 2023                     *s/ John F. Docherty*
                                             JOHN F. DOCHERTY
                                             United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local

---

[3] The doctrine of res judicata does not apply to habeas petitions. *See, e.g.*, *Waley v. Johnston*, 316 U.S. 101, 105 (1942) (per curiam).

Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).