UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ALBERT C. BURGESS, JR., | Case No. 23-CV-3773 (NEB/JFD) |
| Petitioner, | |
| v. | ORDER ACCEPTING REPORT AND RECOMMENDATION |
| WARDEN, Rochester FMC, | |
| Respondent. | |

*Pro se* plaintiff Albert Burgess petitions for a writ of habeas corpus under 28 U.S.C. Section 2241, alleging that prison officials denied him medical care and seeking immediate release from custody. In the Report and Recommendation ("R&R"), United States Magistrate Judge John F. Docherty recommends that Burgess' petition be denied and this matter be dismissed. (ECF No. 6 ("R&R").) Burgess objects to the R&R. (ECF No. 9.) Based on a *de novo* review, the Court overrules Burgess' objection and accepts the R&R.

In his petition, Burgess alleges that prison officials failed to treat his medical problems, subjecting him to cruel and unusual punishment under the Eighth Amendment. A habeas corpus petition is not the appropriate vehicle to plead such a claim. Instead, a claim relating to the conditions of confinement, such as inadequate medical care, should be plead through a civil complaint. *Spencer v. Haynes*, 774 F.3d 467, 470–71 (8th Cir. 2014). If *a pro se* federal prisoner seeks relief that is not available through

a habeas petition, the Court may invite the petitioner to convert the habeas claim into a civil action. *See id.* at 471. Burgess' petition, however, seeks habeas relief. (*See* ECF No. 1 at 1 (requesting the Court to order Burgess "released" from prison).) Because the requested relief is not available in a traditional civil action, the Court will not treat Burgess' petition as a civil complaint. Burgess may file any meritorious complaints about his confinement in a separate civil action.

## CONCLUSION

Based on all the files, records, and proceedings in this case, IT IS HEREBY ORDERED THAT:

1. The Report and Recommendation (ECF No. 6) is ACCEPTED;

2. Burgess' Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) is DENIED; and

3. The action is DISMISSED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  February 11, 2024                                  BY THE COURT:

                                                           s/Nancy E. Brasel
                                                           Nancy E. Brasel
                                                           United States District Judge